# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| American Strategic Insurance Corp., | ) | |
| | ) | Case no. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| Shane Harrington; MelTech, Inc.; and | ) | |
| Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff American Strategic Insurance Corp. ("ASIC"), by and through undersigned counsel, seeks declaratory judgment under Fed. R. Civ. P. 57, and 28 U.S.C. § 2201 *et seq.,* against Defendants Shane Harrington ("Harrington"), MelTech, Inc. ("MelTech") and Jane Doe, for the purpose of determining a question of actual, immediate controversy concerning insurance coverage. ASIC issued a homeowners insurance policy to Harrington, under which Harrington contends he is owed liability insurance coverage in connection with a lawsuit filed in the United States District Court for the District of Nebraska, Case No. 7:25-cv-5010 (the "Underlying Lawsuit"). ASIC denies that it owes any insurance coverage obligation to Harrington, and states the following in support thereof:

## PARTIES

1.      Plaintiff ASIC is an Indiana corporation, with its principal place of business in Ohio, seeking declaratory judgment with respect to insurance coverage under Homeowners Protection Policy no. NEA2056 (the "Policy").

2.      Defendant Harrington is a citizen and resident of Nebraska.

3.     Harrington is a proper party to this action as a defendant in the Underlying Lawsuit for acts, omissions, or events alleged to have occurred in this judicial district, and who has demanded insurance coverage under the Policy.

4.     The caption of the Underlying Lawsuit refers to Harrington as "Shane Harrington d/b/a Paradise City."

5.     MelTech is a Nebraska Corporation which Harrington is or was the principal of.

6.     MelTech is a proper party to this action as a defendant in the Underlying Lawsuit for acts, omissions, or events alleged to have occurred in this judicial district, and for which it or Harrington may seek insurance coverage under Policy.

7.     Jane Doe is a citizen and resident of Nebraska.

8.     Jane Doe is a proper party to this action as a plaintiff in the Underlying Lawsuit for acts, omissions, or events alleged to have occurred in this judicial district, who may look to the proceeds under the Policy to pay all or part of any settlement or judgment against Harrington.

9.     The caption of the Underlying Lawsuit refers to Jane Doe as "Jane Doe, a victim of sex trafficking."

## NATURE OF THE CLAIM

10.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy regarding the parties' respective rights and obligations under the Policy.

11.     ASIC seeks a judgment declaring it has no duty to defend or indemnify Defendant Harrington or MelTech under the Policy in connection with the Underlying Lawsuit, and thus no Policy proceeds are available to satisfy any relief sought or obtained (if any) by Jane Doe against Harrington or MelTech in said litigation.

## JURISDICTION & VENUE

12.     The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants in this action, and the amount in controversy in connection with the Underlying Lawsuit and thus this action, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

13.     The amount in controversy is met or exceeded by (1) the damages and other relief sought by Jane Doe in the Underlying Lawsuit, and (2) the liability insurance coverage costs under the Policy (*e.g.*, defense expenses, indemnity amounts) sought by Harrington in connection with the Underlying Lawsuit.

14.     This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, omissions, or events giving rise to the Underlying Lawsuit occurred within this judicial district; Harrington, MelTech, and Jane Doe are citizens or residents of Nebraska; the Underlying Lawsuit relates to events occurring in Nebraska; and the Underlying Lawsuit is pending in Nebraska.

## FACTUAL BACKGROUND

### The Underlying Sex Trafficking Litigation

16.    The Underlying Lawsuit arises from alleged sex trafficking and non-consensual sexual acts endured by Jane Doe in 2019 and 2020. The operative, Second Amended Complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached here to as **Exhibit A**.

17.    The Underlying Complaint clarifies that Jane Doe "is a pseudonym, used to protect DOE's privacy and safety in recognition that she is a victim of sex trafficking." (Ex. A, ¶ 1).

18.    Allegedly, from July 2019 through January 2020, then-15-year-old Jane Doe "endured repeated non-consensual sexual acts at the hands of her trafficker and his collaborators." (Ex. A, ¶ 1).

19.    The Underlying Complaint names a handful of defendants, both individuals and entities.

20.    As it relates to Harrington, the Insured under the Policy, the Underlying Complaint alleges Harrington was the principal of MelTech, another defendant in the Underlying Lawsuit.

21.    According to the Underlying Complaint, Harrington and MelTech, which now "appears to be defunct," owned and jointly did business as "Paradise City, a strip club located outside of Elm Creek, Buffalo County, Nebraska[.]" (Ex. A, ¶ 5).

22.     It is alleged that, at all relevant times, Harrington and MelTech were engaged in a joint venture with Timothy Jeys ("Jeys"), another defendant in the Underlying Lawsuit. (Ex. A, ¶¶ 5–6).

23.     The Underlying Complaint states that Harrington and MelTech served as landlord for Paradise City, a property out of which Jeys operated an adult entertainment club. (Ex. A, ¶ 38).

24.     Allegedly, Harrington "shared dancers" (presumably dancers who worked at Harrington's other clubs/businesses) with Jeys. (Ex. A, ¶ 39).

25.     Harrington and Jeys allegedly shared revenue and control of Paradise City. (Ex. A, ¶ 40).

26.     The Underlying Complaint asserts causes of action against Harrington, MelTech, and Jeys, for violation of "18 U.S.C. § 1595 and/or 18 U.S.C. § 2255" (Second Cause of Action) and for Conspiracy regarding said violation(s) (Third Cause of Action).

27.     The causes of action against Harrington in the Underlying Complaint are asserted in connection with events that took place on or around Halloween 2019, during which Jane Doe was allegedly taken to Paradise City and was there solicited for sexual acts which occurred at the motel next door. (Ex. A, ¶¶ 42–45).

28.     The allegations against Harrington in the Underlying Complaint are solely premised on the business/operations at Paradise City and, specifically, to Jeys' conduct— in the course of Jeys' operation of Paradise City—in relation to the events which purportedly took place on or around Halloween 2019.

29.     The Underlying Complaint does not allege Harrington was present at the events which purportedly took place on or around Halloween 2019.

30.     The Underlying Complaint does not allege Harrington took any course of action in his individual or personal (*e.g.*, non-business) capacity as it relates to the events which purportedly took place on or around Halloween 2019.

31.     Jane Doe, through the Underlying Complaint, seeks compensatory and punitive damages for the alleged "sexual, physical and emotional abuse" she endured. (*See* Ex. A, ¶ 100).

### The Policy

32.     ASIC issued the Policy, Homeowners Protection Policy no. NEA2056, bearing effective dates of June 8, 2019 to June 8, 2020, to Shane Harrington in relation to a residential property in Omaha, Nebraska. The Policy is attached hereto as **Exhibit B**.

33.     The Policy was not issued to MelTech and MelTech is not an insured under the Policy.

34.     The Policy contains a Personal Liability coverage part, which contains the following provisions pertinent to this matter:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – PERSONAL LIABILITY**

If a claim or lawsuit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable; and

\*\*\*\*

6

## COVERAGE F – MEDICAL PAYMENTS TO OTHERS

In the event of "bodily injury" due to an "occurrence," we will pay necessary medical expenses incurred within three years from the date of the "occurrence". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to any insured. This coverage applies only:

1. To persons on the "insured location" with the permission of an "insured"; or

2. To persons off the "insured location", if the "bodily injury" is caused by:

   a. A condition on the "insured location" or the ways immediately adjoining;

   b. The activities of an "insured";

   c. A "residence employee" in the course of the "residence employee's" employment by an "insured"; or

   d. An animal to which coverage applies under this policy and that is owned by or in the care of an "insured" at the time of the "occurrence".

## SECTION II – EXCLUSIONS

## EXCLUSIONS APPLYING TO COVERAGE E

Coverage E does not apply to any of the following:

****

| **Punitive Damages** | This policy does not provide any coverage for punitive or exemplary damages, fines or penalties in any amount regardless of how they are imposed. This exclusion includes, but is not limited to, those imposed by civil fine or penalty assessed or imposed under any code, statute, regulation or court order. This policy also does not provide any coverage for the cost of defense, including but not limited to attorney fees or costs, related to any such damages, fines or penalties. |
|---|---|

****

## EXCLUSIONS APPLYING TO COVERAGES E AND F

7

Coverages E and F do not apply to any of the following:

\*\*\*\*

| | |
|---|---|
| **Expected Or Intended Injury** | Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is of a different kind, quality or degree than initially expected or intended or is sustained by a different person, entity, real or personal property, than initially expected or intended." |
| | However, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force by an "insured" to protect persons or property. |
| **"Business"** | Bodily injury" or "property damage" arising out of or in connection with: |
| | 1. A "business" engaged in by an "insured" or conducted from an "insured location"; or |
| | 2. The rental or holding for rental of any part of the "insured location" by an "insured", regardless of the total annual compensation. |
| | However, this exclusion does not apply to: |
| | 1. The rental or holding for rental of part of the "residence premises" for sole use as a residence to no more than two roomers or boarders, if disclosed on the application; or |
| | 2. An "insured" under the age of 21 years involved in a part-time or occasional, self-employed "business" with no employees. |

\*\*\*\*

| | |
|---|---|
| **Loss On An "Insured's" Premises That Is Not An "Insured Location"** | "Bodily injury" or "property damage" arising out of a premises: |
| | 1. Owned by an "insured"; |
| | 2. Rented to an "insured"; or |
| | 3. Rented to others by an "insured"; |

|  | that is not an "insured location". |
|---|---|

****

| **Sexual Abuse Or Corporal Punishment** | "Bodily injury" or "property damage" arising as a result of an "insured" inflicting, or directing another person to inflict, upon any person, corporal punishment or sexual abuse. Sexual abuse includes physical or mental harassment or assault of a sexual nature. |
|---|---|

****

## DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

In addition, certain words and phrases appear in quotations and are defined as follows:

****

| **"Bodily injury"** | means physical harm to the body, including sickness or disease, and resulting death except that "bodily injury" does not include communicable diseases. |
|---|---|
| **"Business"** | means: |

1. A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

2. Any other activity engaged in for money or other compensation, except the following:

    a. One or more activities, not described in b. through d. below, for which no "insured" receives more than $2,000 in total compensation for the 12 months before the beginning of the policy period;

    b. Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;

9

c.  Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or

d.  The rendering of home day care services to a relative of an "insured".

\*\*\*\*

**"Insured location"** means:

1.  The "residence premises";

2.  The part of other premises, other structures and grounds used by you as a residence; and

    a.  Which is shown in the Declarations; or

    b.  Which is acquired by you during the policy period, is reported to us within 30 days of your acquisition, and is for your use as a residence;

3.  Any premises used by you in connection with a premises described in 1. and 2. above;

4.  Any part of a premises:

    a.  Not owned by an "insured"; and

    b.  Where an "insured" is temporarily residing;

5.  Vacant land, other than farm land, owned by or rented to an "insured";

6.  Land owned by or rented to an "insured" on which a one, two, three or four family dwelling is being built as a residence for an "insured";

7.  Individual or family cemetery plots or burial vaults of an "insured"; or

8.  Any part of a premises occasionally rented to an "insured" for other than "business" use.

\*\*\*\*

10

| **"Occurrence"** | means an accident, including exposure to harmful conditions, which results during the policy period, in: |
|---|---|
| | 1.  "Bodily injury"; or |
| | 2.  "Property damage". |
| | Repeated or continuous exposure to the same general harmful conditions is considered to be one "occurrence." |
| | "Occurrence" does not include accidents or events which take place during the policy period which do not result in "bodily injury" or "property damage" until after the policy period |

****

(Ex. B).

35.     The Policy also contains a Personal Injury endorsement, which contains the following provisions pertinent to this matter:

**Personal Injury**

For additional premium, your policy is changed as follows:

Under DEFINITIONS, the following is added to your policy:

| **"Personal injury"** | means injury arising out of one or more of the following offenses, but only if the offense was committed during the policy period: |
|---|---|
| | 1.  False arrest, detention or imprisonment; |
| | 2.  Malicious prosecution; |
| | 3.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; |
| | 4.  Oral, written or electronic publication of material that slanders or libels a person or organization or |

11

disparages a person's or organization's goods, products or services; or

5. Oral, written or electronic publication of material that violates a person's right of privacy

Under **SECTION II – LIABILITY COVERAGES, COVERAGE E – PERSONAL LIABILTY**, the following is added:

| | |
|---|---|
| **"Personal Injury" Coverage** | If a claim is made or suit is brought against an "insured" for damages resulting from an offense, defined under "personal injury", to which this coverage applies, we will:<br><br>1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and<br><br>2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the offense has been exhausted by payment of a judgment or settlement. |

With respect to the coverage provided under this endorsement, SECTION II – EXCLUSIONS is replaced by the following: "Personal injury" coverage does not apply to any of the following:

| | |
|---|---|
| **Expected Or Intended Injury** | "Personal injury" which is expected or intended by or at the direction of an "insured" with the knowledge or reasonable expectation that the act would violate the rights of another or would inflict "personal injury".<br><br>This exclusion applies even if the resulting "personal injury" is of a different kind, quality or degree than initially expected or intended or is sustained by a different person, entity, real or personal property, than initially expected or intended. |

\*\*\*\*

12

| | |
|---|---|
| **"Illegal Or Criminal Acts"** | "Personal injury" arising out of any illegal or criminal act performed by, at the direction of, or in conspiracy with any "insured". This exclusion applies regardless of whether the insured is charged with a crime. |
| **"Business"** | "Personal Injury" arising out of or in connection with: |

1. A "business" engaged in by an "insured" or conducted from an "insured location"; or

2. The rental or holding for rental of any part of the "insured location" by an "insured", regardless of the total annual compensation;

whether or not the "business" is owned or operated by an "insured" or employs an "insured". This exclusion applies but is not limited to an act or omission, regardless, of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".

However, this exclusion does not apply to:

1. The rental or holding for rental of part of the "residence premises" for sole use as a residence to no more than two roomers or boarders, if disclosed on the application; or

2. An "insured" under the age of 21 years involved in a part-time or occasional, self-employed "business" with no employees.

(Ex. B).

Demand for Insurance Coverage by Harrington

36.     On or around January 6, 2026, Harrington reported a claim for insurance coverage in connection with the Underlying Lawsuit to ASIC.

37.     Counsel for Harrington followed up by letter dated January 8, 2026, requesting liability insurance coverage under the Policy, including coverage for defense expenses.

13

38.     ASIC acknowledged Harrington's claim and had subsequent correspondence with Counsel for Harrington regarding the claim.

39.     ASIC issued its insurance coverage position to Harrington by letter dated March 11, 2026.

40.     ASIC declined to participate in Harrington's defense against the Underlying Lawsuit, and ultimately disclaimed coverage, while reserving all rights under the Policy.

41.     ASIC's disclaimer of coverage is premised upon a handful of Policy provisions, including *inter alia* the Policy's exclusion for business pursuits, criminal acts, and sexual abuse, as well as the failure to satisfy the personal liability and personal injury insuring agreements.

42.     There is thus a question of actual, immediate controversy between ASIC, Harrington, and MelTech concerning insurance coverage obligations under the Policy.

## COUNT I

### Declaratory Judgment – Defense & Indemnity

### Exclusions: Business

43.     ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

44.     The caption of the Underlying Lawsuit names Harrington as "Shane Harrington d/b/a Paradise City." (Ex. A).

45.     The allegations against Harrington in the Underlying Complaint are solely premised on the business and operations at Paradise City, which Harrington purportedly operated as a joint venture with Jeys.

14

46.    Specifically, the allegations against Harrington in the Underlying Complaint relate to Jeys' conduct—*i.e.*, Jeys' actions in the scope of his job duties as to Paradise City—in relation to the events which purportedly took place on or around Halloween 2019.

47.    The Policy contains exclusions for "Business" activities, which bars insurance coverage for "bodily injury," "property damage," or "personal injury" arising out of or in connection with a "business" engaged in by an "insured." (Ex. B).

48.    Because, as to Harrington, the Underlying Lawsuit solely relates to alleged business pursuits, ASIC has no duty under the Policy to provide Harrington with a defense against the Underlying Lawsuit.

49.    Because the Underlying Lawsuit solely relates to Harrington's alleged business pursuits, ASIC has no duty under the Policy to indemnify Harrington or MelTech in connection with the Underlying Lawsuit.

## COUNT II

### Declaratory Judgment – Defense & Indemnity

### Exclusion: Sexual Abuse

50.    ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

51.    Jane Doe alleges in the Underlying Complaint that from July 2019 through January 2020, she "endured repeated non-consensual sexual acts at the hands of her trafficker and his collaborators." (Ex. A, ¶ 1).

15

52.    The Underlying Complaint states Jane Doe "endure[d] months of brutal sexual, physical and emotional abuse" (Ex. A, ¶ 100) by or through the acts of the defendants in the Underlying Lawsuit (Ex. A, ¶¶ 2, 4, 61, 100).

53.    The Policy contains an exclusion for "Sexual Abuse or Corporal Punishment" activities, which bars insurance coverage for "bodily injury" or "property damage" arising "as a result of an 'insured' inflicting, or directing another person to inflict, upon any person, corporal punishment or sexual abuse" including "physical or mental harassment or assault of a sexual nature." (Ex. B).

54.    Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from alleged sexual, physical, and emotional abuse, ASIC has no duty under the Policy to provide Harrington with a defense against the Underlying Lawsuit.

55.    Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from alleged sexual, physical, and emotional abuse, ASIC has no duty under the Policy to indemnify Harrington or MelTech in connection with the Underlying Lawsuit.

## COUNT III

### Declaratory Judgment – Defense & Indemnity

### Exclusion: Illegal or Criminal Acts

56.    ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

57.    The causes of action in the Underlying Complaint as to Harrington, including the Conspiracy cause of action, are premised solely upon under 18 U.S.C. § 1591, a federal

criminal statute, and 18 U.S.C. § 2255, which provides civil remedies for "victims of a violation of section… 1591[.]" (18 U.S.C. § 2255(a)).

58.    The Policy contains an exclusion for "Illegal or Criminal" activities, which bars insurance coverage for "personal injury arising out "any illegal or criminal act performed by, at the direction of, or in conspiracy" with any "insured." (Ex. B).

59.    Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from alleged illegal/criminal acts, ASIC has no duty under the Policy to provide Harrington or MelTech with a defense against the Underlying Lawsuit.

60.    Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from illegal/criminal acts, ASIC has no duty under the Policy to indemnify Harrington or MelTech in connection with the Underlying Lawsuit.

## COUNT IV

### Declaratory Judgment – Defense & Indemnity

### Exclusion: Loss Not on An Insured Location

61.    ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

62.    Jane Doe alleges in the Underlying Complaint that Harrington and MelTech owned and jointly did business as Paradise City. (Ex. A, ¶ 5).

63.    The Underlying Complaint states that Harrington and MelTech served as landlord for Paradise City, out of which Jeys operated an adult entertainment club. (Ex. A, ¶ 38) and further that Harrington and Jeys shared revenue and control of Paradise City (Ex. A, ¶ 40).

64. The allegations against Harrington in the Underlying Complaint are solely premised on the business and operations at Paradise City.

65. The Policy contains an exclusion titled "Loss On An 'Insured's' Premises That Is Not An Insured Location," which bars insurance coverage for "bodily injury" or "property damage" arising out a premises that is owned by, rented by, or rented to others by an "insured," but that is not an "insured location" under the Policy." (Ex. B).

66. Paradise City is not an "insured location" under the Policy—which is a homeowners policy issued to Harrington in connection with a residential property in Omaha, Nebraska.

67. Because, as to Harrington, the Underlying Lawsuit and damages sought by Jane Doe therein arise from a premises purportedly owned by or rented to others by Harrington (*i.e.*, Paradise City), which is not an "insured location" under the Policy, ASIC has no duty under the Policy to provide Harrington with a defense against the Underlying Lawsuit.

68. Because, as to Harrington, the Underlying Lawsuit and damages sought by Jane Doe therein arise from a premises purportedly owned by or rented to others by Harrington (*i.e.*, Paradise City), which is not an "insured location" under the Policy, ASIC has no duty under the Policy to indemnify Harrington or MelTech in connection with the Underlying Lawsuit.

## COUNT V

### Declaratory Judgment – Defense & Indemnity

### Exclusions: Non-Accidental Conduct & Expected or Intended Injury

69. ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

70. Jane Doe alleges in the Underlying Complaint that Harrington and Jeys "acted in concert, intentionally" (Ex. A, ¶ 75) and "knowingly conspired" (Ex. A, ¶ 41), and further that "Paradise City knowingly participated" in the sexual abuse and trafficking of Jane Doe (Ex. A, ¶ 73).

71. The Underlying Complaint states "each [d]efendant in this case played an active and knowing role in DOE's torture." (Ex. A, ¶ 100).

72. The causes of action in the Underlying Complaint as to Harrington, including the Conspiracy cause of action, are premised solely upon under 18 U.S.C. § 1591, a federal criminal statute, and 18 U.S.C. § 2255, which provides civil remedies for "victims of a violation of section… 1591[.]" (18 U.S.C. § 2255(a)).

73. To establish a violation of 18 U.S.C. § 1591, there must be a showing of knowledge by the defendant. (18 U.S.C. § 1591(a)).

74. The insuring agreement for the personal liability coverage of the Policy requires that "bodily injury" or "property damage" for which coverage is sought be caused by an "occurrence," which is defined in the Policy as an "accident." (Ex. B).

75. The Policy also contains an exclusions for "Expected or Intended Injury" which bars insurance coverage for "bodily injury," "property damage," or "personal injury"

19

which is expected or intended by an "insured," or at the direction of the "insured" with "knowledge or reasonable expectation that the act would violate the rights of another or would inflict 'personal injury'" even if "the resulting [injury or damage] is of a different kind, quality, or degree than initially expected or intended[.]" (Ex. B).

76.     Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from non-accidental conduct or injury and/or intentional or expected conduct or injury, ASIC has no duty under the Policy to provide Harrington or MelTech with a defense against the Underlying Lawsuit.

77.     Because the Underlying Lawsuit and damages sought by Jane Doe therein arise from non-accidental conduct or injury and/or intentional or expected conduct or injury, ASIC has no duty under the Policy to indemnify Harrington in connection with the Underlying Lawsuit.

## COUNT VI

### Declaratory Judgment – Defense & Indemnity

### Exclusion: Punitive Damages

78.     ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

79.     The Underlying Complaint seeks Punitive damages "for the willful and wanton acts and omissions" of the defendants in the Underlying Lawsuit, and as permitted under 18 U.S.C. § 1595 and/or 18 U.S.C. § 2255. (Ex. A, ¶¶ 106–107).

80.    The Policy contains an exclusion for "Punitive Damages," which bars insurance coverage for "punitive or exemplary damages, fines or penalties in any amount regardless of how they are imposed." (Ex. B).

81.    Because the Policy contains an exclusion barring liability coverage for punitive or exemplary damages, ASIC has no duty to provide insurance coverage for such damages, and such damages do not trigger any duties to Harrington or MelTech by ASIC, including duties to defend, settle, or indemnify.

**COUNT VII**

**MelTech is not an Insured**

82.    ASIC repeats and incorporates by reference the allegations in the preceding paragraphs.

83.    ASIC issued the Policy to Shane Harrington in relation to a residential property in Omaha, Nebraska.

84.    The Policy was not issued to MelTech and MelTech is not an insured under the Policy.

85.    Because MelTech is not an insured under the Policy, ASIC has no duty to provide insurance coverage to MelTech in connection with the damages or relief sought in the Underlying Lawsuit, including duties to defend, settle, or indemnify.

**PRAYER & REQUEST FOR RELIEF**

WHEREFORE, ASIC respectfully prays that this Court enter judgment against Defendants as follows:

21

a.    Declaring that, under the Policy, ASIC has no duty to defend Harrington (including Harrington d/b/a Paradise City) or MelTech against the Underlying Lawsuit.

b.    Declaring that, under the Policy, ASIC has no duty to indemnify Harrington (including Harrington d/b/a Paradise City) or MelTech in connection with the Underlying Lawsuit.

c.    Declaring that the Policy provides no insurance coverage to Harrington (including Harrington d/b/a Paradise City) or MelTech in connection with the Underlying Lawsuit.

d.    Declaring that any punitive or exemplary damages sought in the Underlying Lawsuit are excluded from insurance coverage under the Policy.

e.    Awarding taxable costs.

f.    Awarding such other relief as the court deems just and equitable.

Dated  May 4, 2026                    By:  s/ *Dillon R. Ellis*

Dillon R. Ellis (NESB#28006)
WYATT M. BAILEY (PRO HAC VICE)
MEAGHER + GEER, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN  55402
(612) 338-0661
dellis@meagher.com

*Counsel for American Strategic Insurance Corp.*

22