UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

AMERICAN STRATEGIC INSURANCE
COMPANY,

Plaintiff,

versus,

SHANE HARRINGTON, MELTECH, INC.
AND JANE DOE,

Defendants.

**Case No. 8:26-cv-00195-RFR-RCC**

**ANSWER WITH AFFIRMATIVE
DEFENSES & COUNTERLCLAIMS**

**JURY TRIAL DEMANDED**

## ANSWER

Defendants deny there is an "actual, immediate controversy" and as such, Plaintiff does not have grounds for a Declaratory Judgment. Harrington and Meltech, Inc. have filed a motion to dismiss the Jane Doe lawsuit pending in this Court (7:25-cv-05010) and they have an excellent chance of prevailing. If they do prevail, ASIC's lawsuit will be moot. Secondly, the primary defense carrier for Paradise City is MUSIC who is preparing to file a motion for judgment on the pleadings while Harrington and Meltech are preparing to file a motion for summary judgment because MUSIC refuses to defend the claim (8:26-cv-00031). Both motions shall be filed on or before August 14, 2026 (see Docket No. 49). If either of those motions are granted ASIC's declaratory judgment action will also be moot. Lastly, ASIC is the third potential carrier who might be required to defend or indemnify the claim, so it is necessary for the Court to first determine if the primary carrier MUSIC and/or umbrella carrier are required to defend and indemnify the claim before addressing ASIC's coverage issues.

The following are direct responses to Plaintiff's 42 allegations and 7 causes of action:

1) Admit.

2) Admit.

1

3)  Neither deny nor admit.

4)  Admit.

5)  Admit.

6)  Deny

7)  Neither deny nor admit.

8)  Deny.

9)  Admit.

10 – 15) Admit.

16 - 31) Agree that these assertions were made by Jane Doe but deny they occurred.

32) Admit.

33) Deny.

34 - 35) Admit these provisions exist. Deny they exclude the claim.

36 – 42) Admit but deny there is an actual immediate controversy as Harrington and

Meltech, Inc. only sued MUSIC for coverage (8:26-cv-00031), so the present lawsuit was

unnecessary.

### COUNT I

43 – 49) Deny with the exception of quotations from the underlying lawsuit.

### COUNT II

50 – 55) Deny.with the exception of quotations from the underlying lawsuit.

### COUNT III

56 – 60) Deny with the exception of quotations from the underlying lawsuit.

### COUNT IV

61 – 68) Deny with the exception of quotations from the underlying lawsuit.

## COUNT V

69 – 77) Deny.with the exception of quotations from the underlying lawsuit.

## COUNTY VI

78 – 81) Admit that punitive damages are not recoverable in Nebraska.

## COUNTY VII

82 – 85) Deny.

## AFFIRMATIVE DEFENSES

1) There is no immediate controversy between the parties that gives the Court jurisdiction.

2) Plaintiff's request for declaratory judgment is not yet ripe.

3) Plaintiff's request for declaratory judgment is defective because Plaintiff cannot obtain a judgment without discovery.

## COUNTER-CLAIMS

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

1) Plaintiff ASIC insured Defendant Shane Harrington in 2019 through a Progressive Homeowner's insurance policy.

2) Plaintiff attached portions of this policy to their Declaratory Judgment petition.

3) This policy required Defendant Harrington to immediately report any lawsuits filed against him regarding claims arising under the policy.

4) Defendant Harrington filed a claim with Progressive, together with the primary carrier MUSIC and the umbrella carrier.

5) Defendant Harrington was sued in his individual and professional capacities.

3

6) Pursuant to this contract between the parties, Plaintiff is required to defend Defendant Harrington in the underlying Jane Doe lawsuit.

7) Plaintiff has refused to defend or indemnify Defendant Harrington's claim.

8) Plaintiff sued Defendants Harrington and Meltech, Inc. for a declaratory judgment, resulting in unnecessary legal expenses and inconvenience for Defendants.

9) Defendants request reimbursement of all legal fees incurred in defending Plaintiff's lawsuit, and that Plaintiff be ordered to defend and indemnify Defendants in the 2019 Jane Doe lawsuit.

## SECOND CAUSE OF ACTION

## BAD FAITH

10) Defendant Harrington repeats paragraphs 1 – 9 of the First Cause of Action for Breach of Contract.

11) Plaintiff has acted in bad faith by refusing to defend and indemnify Defendant Harrington.

12) Plaintiff acted in bad faith by suing their own insured in federal court prematurely and unnecessarily.

13) Plaintiff's attorneys did this in bad faith because they were able to bill their $100+ billion client Progressive for this.

14) As a result of the foregoing, Defendant Harrington was forced to hire attorneys at great expense to defend the Jane Doe lawsuit and the ASIC lawsuit.

15) Unlike ASIC's attorneys, Defendants and their attorneys are not being compensated for defending ASIC's frivolous lawsuit.

16) Defendants request reimbursement of all legal fees incurred in defending Plaintiff's lawsuit, and that Plaintiff be ordered to defend and indemnify Defendants in the 2019 Jane Doe lawsuit.

Respectfully Submitted,

August 3, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of August, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.