IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AMERICAN STRATEGIC INSURANCE CORP.,

Plaintiff,

vs.

SHANE HARRINGTON, MELTECH, INC., and JANE DOE,

Defendants.

**8:26CV195**

**ORDER**

This matter is before the court on Defendants' Motion to Stay (Filing No. 12). For the reasons below, the motion is denied.

This case is one of three related actions pending in this district. In the first, Jane Doe brought claims against Shane Harrington ("Harrington"), MelTech, Inc. ("MelTech"), and others under 18 U.S.C. §§ 1591, 1595, and 2255, alleging she was sex trafficked in 2019 and sold to patrons at Paradise City, an adult club allegedly owned by Harrington and MelTech and operated by a co-defendant. (*See* Case No. 7:25-cv-05010, hereinafter referred to as the "Doe lawsuit"). Harrington and MelTech moved to dismiss the Doe lawsuit against them, and on August 13, 2026, the court denied that motion, finding the complaint states a plausible claim under the Trafficking Victims Protection Act ("TVPA"). (*See* Case No. 7:25-cv-5010, Filing No. 69).

The second and third actions are coverage disputes arising out of that lawsuit. In the second, Harrington and MelTech sued Mesa Underwriters Specialty Insurance Company

("MUSIC"), which issued a commercial general liability policy to MelTech covering the Paradise City property, seeking a declaration that MUSIC owes them a defense and indemnity in the Doe lawsuit. (*See* Case No. 8:26-cv-00031, hereinafter referred to as the "MUSIC lawsuit"). On August 3, 2026, the undersigned set an August 14, 2026 deadline for dispositive motions and stayed the Rule 26(f) report pending a ruling. (*See* Case No. 8:26-cv-00031, Filing No. 49). On August 14, 2026, MUSIC moved for judgment on the pleadings, and Harrington and MelTech moved for summary judgment. (*See* Case No. 8:26-cv-00031, Filing No. 50, Filing No. 52). Those motions remain pending.

This third action is the one now before the court. Plaintiff American Strategic Insurance Corp. ("ASIC") issued a separate homeowner's policy to Harrington personally. ASIC seeks a declaration that it owes no duty to defend or indemnify Harrington or MelTech in the Doe lawsuit under that policy. ASIC identifies seven independent grounds for denying coverage, including exclusions for business pursuits, sexual abuse, illegal or criminal acts, and loss on premises that is not an insured location, along with the position that MelTech is not an insured under the policy at all. (Filing No. 1). Defendants deny ASIC's coverage positions and counterclaim for breach of contract and bad faith, seeking an order compelling ASIC to defend and indemnify them. (Filing No. 11).

Defendants moved to stay this action pending the outcome of two proceedings: their motion to dismiss the Doe lawsuit, and the dispositive motions in the MUSIC lawsuit. (Filing No. 12; Filing No. 13). Defendants argue this action is not yet ripe because a ruling in either of those cases could moot this one. (Filing No. 13). ASIC opposes the motion, arguing that a present and ripe controversy exists regardless of how the other two cases resolve. (Filing No. 15). The underlying motion to dismiss has since been denied, and in their reply, Defendants abandoned the ripeness argument in favor of a new one: that it would be more logical and efficient for the court to resolve the MUSIC motions before addressing ASIC's claims here. (Filing No. 16). In the alternative, Defendants ask the court to set a dispositive motion schedule in this case, but request that it not commence before September 25, 2026, so they can finish briefing the MUSIC motions first. (Filing No. 16).

The question of ripeness is no longer contested. The parties hold directly adverse positions on coverage, and under settled Eighth Circuit authority, that is enough to make this dispute ripe. *See Capitol Indemnity Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) ("the lines are drawn, the parties are at odds, the dispute is real"); *Scottsdale Insurance Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 934 (8th Cir. 2010) (a declaratory judgment action is ripe "irrespective of whether the underlying litigation is ongoing or resolved"). The court agrees that this matter is ripe.

Defendants' remaining argument rests on an assumption that a ruling in the MUSIC lawsuit would decide ASIC's obligations under its own, separate policy. Nothing in the record supports that assumption. ASIC's policy has its own exclusions and terms, several of which do not depend on anything the MUSIC lawsuit might decide. These include the exclusion for loss on a premises that is not an insured location and ASIC's position that MelTech is not an insured at all. (Filing No. 1). A ruling on MUSIC's policy will not resolve those questions. Efficiency also cuts the other way. Defendants have counterclaimed against ASIC for breach of contract and bad faith, and staying this case would leave those counterclaims unresolved with no clear benefit. The two coverage disputes involve different policies, different insurers, and, in several respects, different legal questions. Now that the motion to dismiss in the Doe lawsuit has been resolved, the court sees no reason the two coverage cases cannot proceed at the same time.

For these reasons, Defendants' Motion to Stay (Filing No. 12) is denied. This case is now ready to progress. The court will enter a separate scheduling order setting a deadline for the parties to file their Joint Rule 26(f) Report, to include deadlines for filing dispositive motions.

Dated this 27th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge